UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST D. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1934 (RMC) |
| ) | |
| EDWARD F. REILLY, Chairman, ) | |
| United States Parole Commission, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on "Plaintiff's Dispositive Motion for Summary Judgment With Regards To Count #2 of Civil Complaint" and Defendants' Partial Motion to Dismiss. The Court will deny the former, grant the latter, and dismiss this action with prejudice.

I. BACKGROUND

The Superior Court of the District of Columbia sentenced Plaintiff to an aggregate term of 19 to 57 years' imprisonment "for possession with intent to distribute cocaine, manslaughter[] while armed, possession of a firearm during a crime of violence, and carrying a pistol without a license." Compl. ¶ 12. He became eligible for parole on January 25, 2008. *Id*. ¶ 50; Mem. of P. & A. in Support of Defs.' Cross-Mot. for Summ. J. and Opp'n to Pl.'s Mot. for Summ. J. [Dkt. # 27], Ex. A (Sentencing Monitoring Computation Data as of 06-11-2007) at 4 . A United States Parole Commission ("USPC") hearing examiner conducted Plaintiff's initial parole hearing on July 23, 2007. *See id.*, Ex. I (Hearing Summary). As of July 25, 1997, six months prior to his parole eligibility date, Plaintiff had spent 183 months in custody. *Id*. at 1. In determining whether Plaintiff was suitable for parole, among other factors, the USPC considered his completion of "a number of

Vocational Training Programs including the Challenge Program to deal with his drug behavior," for which the hearing examiner awarded 12 months' credit for superior program achievement.[1] *Id.* at 3. The USPC denied parole, however, and continued the matter for reconsideration in July 2012. *Id.*, Ex. J (August 10, 2007 Notice of Action).

Plaintiff challenges the award of 12 months' credit for superior program achievement, arguing that he "has a constitutionally protected interest in receiving credit for his program and work achievement as provided for under the 1987 [Regulations], the 1991 [Policy Guideline] and the [USPC's] own 2000 Guidelines." Compl. ¶ 70. He brings this claim under the Fifth and Fourteenth Amendments to the United States Constitution, and alleges that the USPC's failure to award proper credit for program and work achievement violates his due process rights. *See* Compl. (Count 2, Caption). According to Plaintiff, he is entitled to an award of "one-third of the months credit for the time he was considered to have Superior Program[m]ing[,]" *id.*, but he does not state the number of months' credit he demands. *See* Pl.'s Dispositive Mot. for Summ. J. With Regards to Count # 2 of Civil Compl. (demanding "An Award of 'Sustained Program and Work Achievement' as defined in the 1987 Regulations and 1991 Policy Guideline[]").

In its March 31, 2009 Memorandum Opinion and Order, the Court granted Plaintiff's motion for partial summary judgment on his ex post facto claim (Count 1 of the Complaint), concluding that the USPC's application of its 2000 Guidelines, rather than the 1987 Regulations and 1991 Policy Guideline of the former District of Columbia Board of Parole ("Parole Board") to his case "create[d] a significant risk of prolonging Plaintiff's incarceration." *Smith v. Reilly*, 604 F.

---

[1] If the USPC finds that the candidate has accomplished "superior program achievement," it awards him "one-third of the number of months during which the prisoner demonstrated superior program achievement." 28 C.F.R. § 2.80(k).

Supp. 2d 124, 132 (D.D.C. 2009). The USPC conducted a new parole hearing on September 14, 2009, at which it applied the Parole Board's 1987 Regulations and 1991 Policy Guideline. *See* Pl.'s Objection to Defs.' Status Report, Ex. (October 1, 2009 Notice of Action). The USPC set a parole effective date of June 25, 2010, by which time Plaintiff will have been incarcerated for 218 months, *id.*, and explained its reasons as follows:

> The [USPC] has applied the DC Board of Parole 1987 guidelines to your case. Using those guidelines, you had a salient factor score of 4 and a grid score of 2 for your initial hearing. With an adjustment for program achievement since the initial hearing, your current grid score is now 1. The DC parole guidelines state that for a grid score of 1, parole should be granted. The [USPC] finds that a departure from the grid score is not warranted based on your positive institutional adjustment and programming.

*Id.*[2]

## II. ANALYSIS

Defendants move for partial dismissal of Plaintiff's Complaint (Count 2) on the ground that Plaintiff fails to state a claim upon which relief can be granted. Defs.' Mem. of P. & A. in Supp. of Defs.' Partial Mot. to Dismiss and Opp'n to Pl.'s Mot. for Summ. J. at 2. They argue "that Plaintiff has no liberty interest in parole that would be protected by due process." *Id.*

The Supreme Court instructs that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). For this reason, both federal and local courts have determined that District of Columbia prisoners have no liberty interest

___

[2] All matters related to Count 1 of the Complaint are resolved. Plaintiff has obtained the relief he sought, that is, parole consideration under the Parole Board's 1987 Regulations and 1991 Policy Guideline.

in parole. *See Ellis v. District of Columbia*, 84 F.3d 1414, 1415-20 (D.C. Cir. 1996); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *see also McRae v. Hyman*, 667 A.2d 1356, 1361-62 (D.C. 1995). In other words, "District of Columbia prisoners do not have a constitutionally protected liberty interest in parole and therefore have no protections under the due process clause with respect to parole determinations or procedures." *Crosby Bey v. Zoley*, No. 09-0284, 2009 WL 350596, at *1 (D.D.C. Feb. 12, 2009).

"[T]he District's parole system is grounded in the exercise of discretion by the Board, with a numerical system to aid in the exercise of that discretion," and the system expressly allowed the Parole Board "in unusual cases, to ignore the results of the scoring system and either grant or deny parole in the individual case, conditioned upon the Board's setting forth in writing those factors it relied on in departing from the result indicated by the scoring system." *McRae v. Hyman*, 667 A.2d at 1360-61. The 1987 Regulations, then, "lack the mandatory character which the Supreme Court has found essential to a claim that a regime of parole gives rise to a liberty interest." *White v. Hyman*, 647 A.2d 1175, 1180 (D.C. 1994).

### III.  CONCLUSION

The Court concludes that Count 2 of Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court will deny Plaintiff's motion for summary judgment and will grant Defendants' partial motion to dismiss. Dismissal of Count 2 of the complaint resolves all issues presented in this case, and the case will be closed. A memorializing

Order accompanies this Memorandum Opinion.


Date: December 2, 2009                                    /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge